# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2011

No. 11-50260
Summary Calendar

Lyle W. Cayce
Clerk

TASHANDALA JACKSON

Plaintiff-Appellant

v.

UNITED STATES PROBATION; ELIZABETH URRUTIA, U.S. Probation; LINDA GEORGES, U.S. Probation; VICTOR CASSILLAS, U.S. Probation; JOE SANCHEZ, U.S. Probation

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CV-1061

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this appeal, Plaintiff-Appellant challenges the district court's denial of her motion to proceed in forma pauperis (IFP), in her appeal of the district court's dismissal of her suit. Plaintiff sued United States Probation for allegedly providing false information to the Texas Department of Family and Protective Services ("TDFPS"), ultimately resulting in the termination of her parental

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50260

rights.  The district court dismissed her suit on, inter alia, 12(b)(6) grounds.  It denied her right to appeal IFP because it certified her appeal was not taken in good faith,[1] in that it did not "involve[] legal points arguable on their merits."[2]

Plaintiff is presently incarcerated as a federal prisoner.  In 2009 Plaintiff was serving a term of supervised release, after a previous conviction for cocaine distribution.  Plaintiff claims United States Probation is responsible for her losing her child at that time, because, she alleges, an employee in that department incorrectly informed TDFPS that she had violated her supervised release by failing a drug test and would shortly be sentenced to 2 years imprisonment.  Plaintiff had not yet had her revocation hearing, so providing that information was arguably premature, and it ultimately proved incorrect.

Plaintiff's claim here fails, however, because the information was incorrect in the wrong direction–instead of 2 years imprisonment, she received a prison sentence of 5 years.  Accordingly, contrary to Plaintiff's complaint, TDFPS's belief in Plaintiff's imminent imprisonment, and its knowledge of her behavior underlying her supervised release revocation, ultimately did not cause the termination of her parental rights, because even without the action she alleged by United States Probation, she still would have lost custody of her children. Her lawyer conceded as much at the revocation hearing, noting that "[i]f she is incarcerated, of course, it's probably going to terminate her parental rights." (ROA 33).[3]

For this reason, Plaintiff cannot complain of an injury resulting from Defendants' actions, and the district court was correct to conclude that Plaintiff's

---

[1] *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

[2] *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

[3] The district court allowed Plaintiff to raise all of the issues she raises here at her revocation hearing.  ROA, pp. 22-33.

No. 11-50260

complaint does not present even an arguable claim.  Additionally, and in the alternative, Plaintiff alleges that various individuals at United States Probation acted "intentionally" to deprive her of her parental rights.  However, she can point to no evidence or motive to support this assertion.  As noted by the district court, her complaint thus consists of no more than "bare legal conclusions, with no suggestion of supporting facts," and as such is insufficient to sustain a claim. See *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).  Finally, the district court also dismissed the petition on *Rooker-Feldman*[4] grounds.  We do not reach appellant's argument that application of this doctrine was erroneous.

    AFFIRM.

---

[4] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983).